UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
|     Plaintiff,        ) | |
|     ) | Cause No. 4:24CR00572 JAR |
| vs.        ) | |
|     ) | |
| SHIRLEY WALLER,        ) | |
|     Defendant.        ) | |
|     ) | |

### DEFENDANT SHIRLEY WALLER'S SENTENCING MEMORANDUM

COMES NOW Steven E. Sokolik on behalf of Defendant, Shirley Waller, and respectfully submits the following information for purposes of sentencing mitigation pursuant to Rule 32 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3553.

### OPENING COMMENTS

Defendant Shirley Waller is a 43-year-old female, who lives in Florissant, Missouri. She is now before this Court for sentencing on September 23, 2025. The Defendant pled guilty to one charge of Wire Fraud, which is a violation of 18 U.S.C. §1343, and one charge of Conspiracy to Commit Mail Fraud, Wire Fraud, and Using an Assumed Name to Commit Mail Fraud, which is a violation of 18 U.S.C. §1349, 18 U.S.C. §1341, 18 U.S.C. §1342, and 18 U.S.C. §1343.

### PLEA AGREEMENT

In the plea agreement, the parties agreed that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) and Defendant has notified the Government of her intent to request such a variance in accordance with the provisions of 18 U.S.C. § 3553 or any provisions of rule of law. However, the parties acknowledge that this court is not a party to nor bound by the Guidelines recommendations agreed to by the parties in the Plea Agreement.

## PRE-SENTENCE REPORT

In the Pre-Sentence Report (PSR), the United States Probation Officer calculated a base offense level of 7 pursuant to USSG § 2B1.1(a)(1).

As the loss resulting from the offense exceeded $550,000.00, but less than $1,500,000.00, fourteen levels are added. USSG § 2B1.1(b)(1)(H).

As the offense involved 10 or more victims, two levels are added. USSG §2B1.1(2)(A)(I) and (A)(ii).

As a substantial part of the fraudulent scheme occurred outside the United States and the offense involved sophisticated means, two levels are added. USSG § 2B1.1(b)(10)(B) and ©.

As the offense involved conduct described in 18 U.S.C. § 1040, two levels are added. USSG § 2B1.1(b)(12).

As the Defendant knew or should have known the victim of the offense was a vulnerable victim, two levels are added. USSG § 3A1.1(b)(1).

The Defendant has clearly demonstrated acceptance of responsibility for the offense and has assisted authorities in the investigation or prosecution of Defendant's own misconduct thereby decreasing the offense level by 3 levels pursuant to USSG § 3E1.1(a) and § 3E1.1(b),

Thus the Total Offense Level is 26. The Defendant's total criminal history score is a 7, establishing a criminal history category of IV.

If the total offense level is 26, and with a criminal history category of IV, the guideline imprisonment range is 92 months to 115 months.

## SENTENCING CONSIDERATIONS

In considering a sentence the Court must turn to the Section 3553(a) factors. The Court must recognize that the sentencing guidelines are to be given no more or less weight than any other factor. *See* United States v. Jaber, 362 F. Supp. 2d 365, 370-76 (D.Mass.2005).

18 U.S.C. §3553(a) states in part:

2

(A) Factors To Be Considered In Imposing a Sentence- "The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection". The Court, in determining the particular sentence to be imposed, shall consider:

1. The nature and circumstances of the offense and the history and characteristics of the defendant:

2. The need for the sentence imposed:

To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

To afford adequate deterrence to criminal conduct;

To protect the public from further crimes of the defendant:

To provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

## IMPOSITION OF SENTENCE

I.   **Section 3553(a) Sentencing Factors as Applied to Ms. Waller**

In the case at hand this Court should consider §3553(a) factors, particularly the factors relating to personal history and characteristics of Ms. Waller. After considering these factors the Court will see that a downward variance is justified in this case.

   **i. Section 3553(a)(1): The history and characteristics of the defendant.**

   a. *Ms. Waller's Personal History*

Courts have found that a downward variance was reasonable when examining a defendant's personal history and characteristics. United States v. Munoz-Nava, 524 F.3d 1137 (10th Cir. 2008). Defendant Shirley Waller was born in St. Louis and was primarily raised by her mother. She grew up in a low income public housing and her childhood and teenage years were difficult. As a child, Ms. Waller's mother would have a new boyfriend almost every month

who would reside with them. These men would sometimes walk around the home nude. These men would do drugs in the household. Ms. Waller observed one of these men sexually assault her sister. She observed another physically assault her mother. These boyfriends took priority, and sometimes Ms. Waller's mother did not provide enough food for the children which forced Ms. Waller to steal. There was drug use in the home and in the neighborhood that Ms. Waller was exposed to. At times, Ms. Waller would run away and stay with her Aunt Charlene to try and avoid these difficulties at home.

Ms. Waller has given birth to six children. Tragically, two of her children have died. Ms. Waller's son Dajuan Williams Jr. passed away from a lung infection when he was one years old. Ms. Waller's son Marcus Flannigan was murdered in 2018. The loss of her toddler son due to illness, and the loss to her other son due to murder, has had a profound impact on Ms. Waller's mental health and daily life. It has affected her decision making in all areas of life and has contributed to her criminal history and to the present case. Ms. Waller asks the Court to take her traumatic childhood and even more traumatic motherhood into consideration when determining an appropriate sentence.

### b. Ms. Waller's Family Circumstances

Courts have found that a downward variance was appropriate where the defendant's family circumstances were extraordinary. United States v. Munoz-Nava, 524 F.3d 1137 (10th Cir. 2008), United States v. Lehman, 513 .3d 991 (9th Cir. 2008).

Ms. Waller's family circumstances are highly extraordinary. As stated above, she has already lost two of children. Each of her remaining four children has had extraordinary circumstances. Her son Malakhi has been charged with a serious crime. He has been unable to support his three brothers financially due to his case. Because of her incarceration, Ms. Waller has been unable to support him during time to assist in his legal fees or support him throughout his case.

Ms. Waller's son Malik suffers from schizophrenia and post traumatic stress disorder and has been hospitalized five times in the last 18 months. Due to his mental health conditions he

4

has been unable to work and support himself and his siblings. Because of her incarceration, Ms. Waller has been unable to work and financially support him by paying for and making sure he gets the psychiatric counseling he needs due to his mental illnesses. Additionally, Malik's mental health has deteriorated since his mother has been unable to support him and be a part of his life.

Ms. Waller's son Daniel is 16 years old. As his brothers are unable to work and support the family, he has had to quit school to instead work a full time job. This is a tremendous responsibility for a 16 year old. As long as the current situation exists he will be unable to go back to school. This burden is having a detrimental effect on Daniel's mental health, and the financial burden is worsening. Because of her incarceration, Ms. Waller has been unable to support him financially or emotionally.

Ms. Waller's young son, Zion, is 11 months old. Ms. Waller has been incarcerated during Zion's whole life. He has not received any of the necessary care and support an infant needs from his mother. Ms. Waller's aunt Charlene has been caring for the baby at a great financial strain on her. The father of the baby provides no support emotionally or financially. As long as Ms. Waller's incarcerated, Zion will be unable to receive the nurturing and support any baby needs from their mother.

The circumstances with these four children are extraordinary. They need Ms. Waller's financial support despartately. Additionally, each child has unique and special circumstances that require Ms. Waller's time, attention and emotional support. Ms. Waller asks the Court to consider these extraordinary circumstances when deciding an appropriate sentence.

   c. *Ms. Waller's physical health*

Ms. Waller has been diagnosed with gestational diabetes and high blood pressure. Her diabetes was affected by her pregnancy. She is taking medication, Glyburide, for her condition, Ms. Waller asks the Court to take this into consideration when determining an appropriate sentence.

*d. Mr. Waller's Mental Health*

Ms. Waller suffered a traumatic childhood. She likely suffered from undiagnosed post traumatic stress disorder from her childhood experiences. This condition has been greatly exacerbated by the traumatic deaths of her two sons. She has never received any grief counseling to deal with her overwhelming grief. She has suffered sever depression. While in no way is it an excuse to commit a crime, her trauma and grief have greatly affected her decision making. Her loss of two sons has increased her desire to provide for her other sons. This has led to some terrible decisions that have led her to her current case. Since being incarcerated, she has given birth to another son. She is suffering greatly from post partum depression, as she has been unable to see her child. She suffers from extreme emotional distress including high anxiety. She is unable to sleep and only thinks of the status of her family. During any incarceration, she would benefit greatly from Mental Health counseling and asks the Court to take her significant mental health issues into consideration when determining an appropriate sentence.

*e. Ms. Waller's Substance abuse history*

Ms Waller has used alcohol and marijuana in her adulthood. If incarcerated, Ms . Waller would like the opportunity for substance abuse treatment and would further like the opportunity for the Residential Drug Abuse Program (RDAP). .

**ii. Section 3553(a)(2): The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to provide defendant with needed rehabilitation.**

Courts have found that need to protect society and deter future criminal conduct may be accomplished "not through a longer term of imprisonment, but through extensive counseling and treatment and an extensive period of supervised release." United States v. Grossman, 513 F.3d 592 (6th Cir. 2008).

The PSR has identified numerous special conditions to be placed on Defendant. The Defendant will be required to submit his person, property and residence to search by a United States Probation Officer. The Defendant will be required to submit to substance abuse testing and participate in a substance abuse treatment program. The Defendant will be required to participate in a mental health treatment program. These special conditions will help insure compliance with the law and deter future criminal conduct.

### CONSIDERATION OF DEFENDANT'S CRIMINAL HISTORY

Defendant's criminal history score is a seven. This establishes a criminal history category of IV. Defendant's most recent conviction (Federal case #4:24CR00071 JAR) was pending at the same time as the present case. Due to her anxiety and upon bad advice from other incarcerated individuals, Defendant unfortunately chose to be sentenced on that case on March 21, 2025. If she had allowed that case to be sentenced at the same time as the present case, she would not have received three criminal history points. She would instead be currently having a criminal history score of four and a category of III. This would change her Guideline range to 78 to 97 months. While she cannot change her decision to be sentenced on the other case and its negative effects on the present case, Ms. Waller asks the Court to consider these circumstances when determining an appropriate sentence

### §5G1.3. IMPOSITION OF A SENTENCE ON A DEFENDANT SUBJECT TO AN UNDISCHARGED TERM OF IMPRISONMENT OR ANTICIPATED STATE TERM OF IMPRISONMENT

USSG § 5G1.3 states:

If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

7

(b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed as follows:

(1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

As a result of case #4:24CR00071-JAR, which arose from relevant conduct in the instant offense, the Defendant respectfully asks the Court to adjust any period of imprisonment already served if the Court were to determine such period will not be credited toward her federal sentence.

## **REQUEST FOR A VARIANCE OUTSIDE THE GUIDELINE RANGE**

Based upon the 3553(a) factors referenced above, a sentence below the guideline range is appropriate. Ms. Waller's personal history is littered with trauma. She grew up in poverty, hungry, with individuals around her displaying illicit behavior. This created post traumatic stress, depression and anxiety. Her adulthood has contained even more trauma. She has lost two children, one to illness and one to murder. Her mental health has been greatly affected by all of this trauma, and it has had a terribly negative affect on her decision making.

Ms. Waller's family circumstances are extraordinary. She has four living children, each with specific issues that desperately require their mother to be present. The youngest child is only 11 months, and needs his mother. Each day without their mother these children's mental health deteriorates, and they are in terrible financial straights. Ms. Waller has a clear

understanding of the impact of her criminal behavior and terrible decision making.  Her realization of what her incarceration has done to her family has greatly increased the anxiety, depression and stress she has already been suffering from.  She realizes how desperately her family needs her, and what detriment any future criminal conduct poses to her family.

Therefore, Ms. Waller respectfully requests a variance in this case and asks the Court to sentence her to **18 months in the Bureau of Prisons,** with all appropriate credit for time served to be applied. This sentence will appropriately reflect the 3553 factors including Ms. Waller's personal history and family circumstances.

As stated, Ms. Waller absolutely realizes what any future incarceration will do to her family, and she does not want to commit further crimes that risk incarceration.   The proposed sentence achieves the goals of deterrence, incapacitation, and rehabilitation.  Specific deterrence and incapacitation are served by said sentence.  General deterrence is amply served by the proposed sentence.

In determining the minimally-sufficient sentence, the Court must essentially ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation or rehabilitation.  Respectfully, it would not in this case.

We respectfully submit that this sentence is sufficient but not greater than necessary to achieve the sentencing objectives as set out in USSC 3553(a).

    Respectfully submitted,

    Steven Sokolik

    /s/ *Steven E. Sokolik*
    Steven Sokolik, No. 46134MO
    7700 Bonhomme Avenue, Suite 350
    Clayton, Missouri 63105
    Telephone: (314) 795-3479
    Facsimile: (314) 727-8529
    *Attorney for Defendant*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 12, 2025, the foregoing was electronically filed with the Clerk of Court to be served by operation of the Court's CM/ECF system upon all parties.

    /s/ *Steven E. Sokolik*
Steven E. Sokolik No. 46134MO